PER CURIAM.
After the county commission denied the petition for a zoning change filed by Jennings Construction Corporation, the corporation filed a petition for a writ of certiora-ri with the circuit court. Over the corporation’s objection, this petition was reviewed by a three-judge panel which had been appointed by the chief judge of the circuit court to sit in an appellate capacity over such matters. The appellate division of the circuit court denied the petition for certio-rari, and the construction company appealed to this Court, challenging the authority of the three-member panel. We must agree with its objections.
The chief judge’s order establishing the panel is governed by Rule 1.020(e), Fla. R.Civ.P., which provides, in part:
“Local rules concerning, but not limited to the creation of divisions of courts, the division of work among judges, and other administrative procedures necessary for the efficient operation of all *80 courts within the circuit, except municipal courts, may be adopted, if consistent with these rules to become effective after approval by the supreme court. . . ”
Under the foregoing rule, the supreme court must approve the appointment of an appellate division of the circuit court before such an appointment becomes effective.
The three-judge panel, which acted in this case, had not yet been approved by the supreme court, and was without authority to review the certiorari petition in question. Their action is, therefore, void, and the case is reversed and remanded for appropriate action.
Reversed and remanded.